## GEORGE WILLEMS v. STATE.

No. A-8468. June 23, 1933.
Withdrawn, Corrected, Refiled, and Rehearing Denied Nov. 3, 1933.
(26 Pac. [2d] 228.)

Thos. Hudgens, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of embezzling $160 in money belonging to the Edwards Maytag Company, Inc., a corporation, and was sentenced to serve one year and a day in the state penitentiary, and appeals.

The testimony on behalf of the state shows that the defendant as an agent of the Maytag Company, Inc., was selling Maytag washing machines; that he sold a machine to J. E. Derryberry, and received in part payment for the said machine the sum of $160 in money, and failed to pay the same to the company, but converted it to his own use.

The defendant testifying in his own behalf admitted he was selling machines for the company, that he sold a machine to the witness Derryberry, and, in answering the following questions, gave the following answers:

"Q. What did you do with the money? A. Well, I paid running expenses with it, and I—oh, I don't know— I might have paid some debts with it, and I had to support a family and I may have spent some of it on them. Q. Did you need the money in support of your family? A. Yes, I needed it, needed it bad."

The defendant called several witnesses who testified in his behalf as to his previous good character and honesty,

all of whom stated they never knew of him having any trouble until the trouble with the washing machine company.

Several errors have been assigned by the defendant alleged to have been committed by the court in the trial of his case. After a careful study and examination of the record, we find no fundamental or prejudicial errors possessing sufficient merit to warrant a reversal. The defendant began working for the company and used the money to maintain his family and to pay his expenses in trying to sell other machines, and intended to account for the same to the company. The record shows that the defendant was selling machines for the company, and at intervals reporting to the company the machines sold and remitting the proceeds of the sales; that, in carrying on this business of selling machines, he used the money derived from the sale of the machine to the witness Derryberry with the intention of settling with the company and repaying the money. Considering the evidence in the record and the relation of the parties and circumstances surrounding the defendant at the time, we hold that a modification of the punishment from one year and a day in the penitentiary to six months in the penitentiary would be sufficient punishment for the offense committed by the defendant.

The judgment is modified from one year and a day in the penitentiary to six months, and, as so modified, is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.